

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15 CV 03396

------------------------------------------------------X

SIMON KATZ and KOBY HASS,

        Plaintiffs,

  -against-

DERRICK JENKINS,

        Defendant.

------------------------------------------------------X

15 CIV.
(ECF Case)

COMPLAINT

Plaintiffs, by their attorneys Cinque & Cinque, P. C., allege:

## JURISDICTION AND PARTIES

1. This action arises under the Copyright Act of the United States (17 U.S.C. §101, et seq.). The Court has exclusive jurisdiction over this action under 28 U.S.C. §1338(a) and 28 U.S.C. §2201(a).

2. Plaintiff Simon Katz is a resident of the State of New York and is engaged in the business inter alia of producing sound recordings.

3. Plaintiff Koby Hass is a resident of the State of New York and is engaged in the business inter alia of producing sound recordings.

4. Upon information and belief defendant Derrick Jenkins is a resident of the State of Washington. Defendant is a recording artist professionally known as "Jinx."

## BACKGROUND OF ACTION

5. In or about January of 2013 plaintiffs and defendant co-authored a musical

composition entitled "Alive." Each of the three parties is a one-third owner of the copyright in the "Alive" musical composition.

6. In or about January of 2013 plaintiffs and defendant jointly created a sound recording of the "Alive" musical composition as performed by defendant.

7. Plaintiffs made the following independently copyrightable contributions to the "Alive" sound recording performed by defendant: acted as producers of the sound recording; captured and electronically processed sounds; fixed them in the final recording; provided creative assistance and suggestions in connection with the production of the music; compiled and edited sounds to make the final recording; arranged music and vocals; and performed vocals, guitars, bass and drum programming on the recording.

8. Sometime prior to May of 2013 defendant entered into a management agreement with Red Light Management, pursuant to which he appointed Red Light Management as his agent and granted it the right to make decisions with respect to defendant's career as a recording artist.

9. On June 27, 2013 BJ Olin, a representative of Red Light Management acting as defendant's authorized agent, confirmed to plaintiffs in writing that he was "OK with sharing ["Alive"] master ownership and master income evenly."

10. On July 1, 2013 plaintiff Simon Katz responded in writing that this was "Agreed. We will share all generated master income for 'Alive' evenly (33.3% ea)."

11. Defendant has entered into a number of agreements relating to the commercial

exploitation of the "Alive" sound recording, including but not limited to a license agreement with Secret Road Music Services, Inc. ("Secret Road"). Pursuant to the authorization granted to Secret Road by Jenkins, Secret Road has entered into a number of license agreements, including one for a national television and radio commercial for Cricket Wireless.

12. Defendant has received monies in connection with his exploitation of the "Alive" sound recording, but has failed to render any accountings to plaintiffs or to make any payments to plaintiffs as a result of this licensing activity, despite plaintiffs' due demand.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

13. At the time of the creation of the "Alive" sound recording, plaintiffs and defendant intended to be co-authors and agreed that the sound recording would be a "joint work" as defined in Section 101 of the Copyright Act.

14. Plaintiffs contend that they are co-authors and therefore co-owners of the "Alive" sound recording.

15. As co-authors of the "Alive" sound recording each of the three parties is entitled to equal undivided one-third interests in the "Alive" sound recording.

16. Defendant contends that he is the sole author and owner of the "Alive" sound recording.

17. There is an actual and substantial controversy between plaintiffs and defendant concerning their rights and obligations with respect to the "Alive" sound recording.

18. Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Accounting)

19. Plaintiff repeats and reallege the allegations contained in paragraphs "1" through "17."

20. Under relevant copyright law, each joint author of a work such as the "Alive" sound recording has the right to use or license the work, subject to an obligation to account to the other joint owners for any profits.

21. Defendant has failed and refused to render accountings to plaintiffs for profits earned from the exploitation of the "Alive" sound recording despite plaintiffs' due demand.

22. Plaintiffs have no adequate remedy at law.

WHEREFORE, plaintiffs demand judgment:

(a) on the First Claim for Relief for a declaratory judgment that the three parties are co-authors and equal one-third owners of the copyright in the "Alive" sound recording;

(b) on the Second Claim for Relief for a judgment declaring that defendant is

obliged to render accountings for all monies received from the exploitation of the "Alive" sound recording and to pay each plaintiff a one-third share of such monies; and

(c) granting plaintiffs other and further relief as the Court deems proper, together with attorneys' fees, costs and disbursements of this action.

DATED: NEW YORK, NEW YORK
        APRIL 30, 2015

                              CINQUE & CINQUE, P. C.

                              By: _____
                                 James P. Cinque (JPC-3673)
                              Attorneys for Plaintiffs
                              845 Third Avenue, Suite 1400
                              New York, New York 10022
                              Telephone: 212-759-5515
                              Telefax:   212-759-7737
                              E-mail:    CINQUE845@aol.com

15 CIV.
(ECF Case)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

SIMON KATZ and KOBY HASS,

Plaintiffs,

-against-

DERRICK JENKINS,

Defendant.

------------------------------------------------------X

COMPLAINT

------------------------------------------------------X

CINQUE & CINQUE, P. C.
Attorneys for Plaintiffs
845 Third Avenue, Suite 1400
New York, New York 10022
Telephone: 212-759-5515
Telefax:    212-759-7737
E-mail:    CINQUE845@aol.com